■ BRUCE D. ALLEN et al., Appellants, v MICHAEL J. POLLACK et al., Respondents. [750 NYS2d 790] —In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Berler, J.), dated September 7, 2001, as denied that branch of their motion which was for summary judgment on the fourth cause of action, and granted that branch of the defendants' cross motion which was to set 1996 as the valuation date of the corporate shares held by the plaintiff Bruce D. Allen.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was for summary judgment on the fourth cause of action is granted, that branch of the cross motion which was to set 1996 as the valuation date of corporate shares held by the plaintiff Bruce D. Allen as provided in the shareholder's agreement is denied,

and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith.

Contrary to the Supreme Court's determination and the defendants' contention, the corporate shares of the plaintiff Bruce D. Allen were not retired or redeemed until 1999. Therefore, Allen is entitled to the redemption of his shares at 100% of their value as of December 30, 1998, as provided in Article 3 of the shareholder's agreement.

Since the Board of Directors has not valued the shares since December 30, 1995, the matter is remitted to the Supreme Court, Suffolk County, for the purpose of establishing, pursuant to Article 3 of the shareholder's agreement, the value of all of Allen's issued and outstanding corporate shares of stock as of December 30, 1998. Moreover, Allen is entitled to the statutory interest rate of 9% (*see* CPLR 5001 [a]) on any amount redeemed November 1, 1999, the date on which the corporation's obligation to redeem Allen's shares arose.

The plaintiffs' remaining contentions are without merit. Feuerstein, J.P., S. Miller, McGinity and Schmidt, JJ., concur.